**SIGNED THIS: September 20, 2007**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **CHERI SCHUCK,** ) | No. 06-80691 |
| ) | |
| Debtor. ) | |

## O P I N I O N

Before the Court is the motion filed by Sumner Bourne, attorney for the Chapter 7 Trustee, to reconsider this Court's order denying his application for compensation.

On May 2, 2006, Cheri Schuck (DEBTOR), filed a voluntary Chapter 7 bankruptcy petition. According to the schedules, the DEBTOR owned no real estate or nonexempt personal property and had no secured or priority creditors. Unsecured creditors were scheduled in the amount of $9,230. In the Statement of Affairs, the DEBTOR disclosed that she sold her former residence in November, 2004, for $65,000, and that she gave the net proceeds to her daughter to be used as the down payment on the residence in which she currently resides with her daughter and her daughter's family. Gary T. Rafool was

appointed to serve as Chapter 7 Trustee (TRUSTEE).  After the first meeting of creditors, the TRUSTEE filed an application to retain Sumner Bourne (BOURNE), as his attorney to pursue the transfer of $20,000 to the DEBTOR'S daughter and son-in-law as a fraudulent conveyance.  The application provided that BOURNE'S compensation would be paid on a one-third contingency basis, based on the amount of any assets recovered on behalf of the estate or benefits to the estate in the form of reduced claim allowances, plus reasonable costs and expenses.

On August 24, 2006, BOURNE, on behalf of the TRUSTEE, filed a complaint against the DEBTOR'S daughter and her son-in-law (DEFENDANTS), seeking to set aside the DEBTOR'S transfer of $25,000 to them as a fraudulent conveyance under Section 548 of the Bankruptcy Code.  The DEFENDANTS answered the complaint, admitting the transfer of approximately $25,000, but claiming that the DEBTOR was entitled to claim a homestead exemption in the proceeds.  The DEFENDANTS denied that the DEBTOR made the transfer with the intent to hinder, delay or defraud her creditors.  In addition, the DEFENDANTS asserted that the DEBTOR was not insolvent at the time of the transfer nor did she become insolvent as a result of the transfer.

The joint pretrial statement prepared by the parties identified the factual issue as whether the DEBTOR was insolvent or rendered insolvent by the transfer and the legal issue as whether the DEBTOR was entitled to assert a homestead exemption in the transferred proceeds.  At the pretrial conference held on November 14, 2006, the DEFENDANTS were given twenty-eight days to file a motion to dismiss the complaint. No motion was filed and at the next scheduled hearing, the Court was advised that the DEBTOR was going to convert her bankruptcy case to Chapter 13.

2

On February 27, 2007, the DEBTOR filed a motion to convert the case from Chapter 7 to Chapter 13, and an order of conversion was entered on March 1, 2007. The DEBTOR proposed an amended plan which provided for payments of $172 per month for sixty months and which would pay the claims of unsecured creditors in full.[1] An order confirming the plan was entered on June 27, 2007.

BOURNE filed an application for attorney fees of $960, representing 4.8 hours at $200/hour, to be paid as a priority administrative claim through the Chapter 13 plan, contending that his pursuit of the TRUSTEE'S fraudulent conveyance claim will result in a 100% payment to creditors under the Chapter 13 proceeding. Relying on this Court's ruling in *In re Bouton*, Case No. 01-80622 (September 7, 2001), allowing fees to a Chapter 7 trustee for services rendered prior to conversion, to be paid as an administrative expense under the debtor's Chapter 13 plan, BOURNE argued that his fees as attorney for the TRUSTEE are entitled to the same treatment.

A hearing was held on BOURNE'S application on April 9, 2007. The DEBTOR appeared at the hearing but did not oppose the application. While noting that the bar date for filing claims had not yet passed, the Chapter 13 Trustee reported that the distribution to unsecured creditors was anticipated to be 100%. BOURNE argued that the Court's approval of the terms of his employment on a contingent fee basis, was subject to alteration at the Court's discretion, as provided by the Bankruptcy Code. Characterizing the motion as unprecedented, the Court distinguished its prior ruling in *Bouton*, recalling that the

---

[1]According to Schedule I, the DEBTOR receives retirement income of $445.35. The DEBTOR'S expenses, listed on Amended Schedule J are minimal, consisting of food of $100; laundry of $20; medical of $30; transportation of $100 and car insurance of $24.

Chapter 7 trustee in that case had actually collected and turned over funds to the Chapter 13 trustee.  The Court denied BOURNE'S application as lacking a basis in the Bankruptcy Code, noting that Chapter 7 trustees and their attorneys always face the risk that their cases may be converted and ruling that conversion of the case could not be equated with recovery, so as to justify a payment under BOURNE'S contingent fee agreement.

BOURNE filed a motion to reconsider the denial of his application, contending that the Court erred in ruling that his request for fees for services rendered prior to conversion was without support in the caselaw.  BOURNE relies on *In re Kuhn*, 337 B.R. 668 (Bankr. N.D.Ind. 2006), as illustrative of the majority rule that a Chapter 7 trustee, acting as his own attorney, is entitled to an administrative expense claim for reasonable compensation for legal services rendered prior to conversion of the case to Chapter 13.  Two other cases relied on by BOURNE, *In re Collins*, 210 B.R. 538 (Bankr.N.D.Ohio 1997) and *In re Scott*, 2006 WL 566441 (Bankr.N.D.Ill. 2006), like *Kuhn*, also involve awards to Chapter 7 trustee's counsel under Section 330(a), for "reasonable compensation for actual, necessary services rendered" by the professional based on "the nature, the extent, and the value of such services."

Having reviewed the opinions cited by BOURNE, it is apparent that other courts do award fees on a *quantum meruit* basis to attorneys for Chapter 7 trustees in cases that convert to Chapter 13 before the attorney completes a recovery action.  Such awards are premised upon a demonstrable linkage between the attorney's services and the conversion, as well as an identifiable financial benefit for creditors.

Upon reconsideration of the issue, this Court agrees with the reasoning and result of those opinions. With the absence of a clear statutory basis for a *quantum meruit* award, however, such fees should be awarded with caution, on a case-by-case basis. The attorneys for Chapter 7 trustees do not have an absolute entitlement to such awards. The equities of each case should be considered in light of the totality of the circumstances.

Here, there is no doubt that the pending avoidance action triggered the conversion and that creditors will receive a significant financial benefit in Chapter 13. Further, the amount of the fees requested is reasonable. For these reasons, the Motion to Reconsider should be granted and BOURNE will be allowed an administrative priority claim in the amount of $960, to be paid concurrently with other priority claims by the Chapter 13 Trustee. Further, if at any time before completion of her plan the DEBTOR moves to dismiss the Chapter 13 case, it will be set for hearing with notice to the TRUSTEE and BOURNE.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###